CHARLES PFADENHAUER, PLAINTIFF, v. CLARENCE E. POPE, ROLPH E. BAECHTOLD AND ARTHUR A. PALMER, Sr., DEFENDANTS.

Argued May 2, 1934—Decided June 23, 1934.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *I. Ezra Newmark*.

For the defendants-prosecutors, *Frederick A. Pope*.

The opinion of the court was delivered by

CASE, J. The matter comes before us on rule to show cause, prosecuted by the defendants, why the venue of the action should not be changed from Morris county to Somerset county. The defendants are all in the police service of the borough of Bernardsville, in the county of Somerset; Palmer is the borough recorder, Pope the chief of police and Baechtold a police officer. The acts sued upon were committed by the defendants in their several official capacities within the borough of Bernardsville. All of the defendants and practically all of the witnesses live in the borough of Bernardsville. The plaintiff himself lived there, and had for more than thirty years, until the latter part of November, 1933, when he claims to have taken up his residence at Mendham, a community a few miles distant in the county of Morris. The action was instituted January 5th, 1934, and the complaint laid the venue in the county of Morris.

Pfadenhauer is the manager, in complete charge, of Charles Pfadenhauer, Incorporated. He professes not to remember who the stockholders of the corporation are but he signs

the checks and thus pays the rent of quarters at 9 Anderson road, Bernardsville, which include the offices of the corporation and a living apartment where he lived until November, 1933, and where the defendants insist he still lives. His wife lives there and he, admittedly, still has a bedroom there which he occupies when he wishes to. He eats most of his meals there, always breakfast and dinner and sometimes supper. He is frequently there in the evening. He has no establishment or equipment in Mendham but engages lodging there. His passage to and fro is by an automobile for which he has no fixed housing at Mendham; sometimes he leaves it in the yard of his boarding place, sometimes under a hotel shed, sometimes elsewhere. Two registered letters were mailed to him on March 27th, 1934. One was addressed to him at 9 Anderson road, Bernardsville, and was received and signed for on the day of mailing. The other was addressed to him at Mendham and, after being held at the Mendham post office for one week, was forwarded to Bernardsville and was there received and signed for by Pfadenhauer. Pfadenhauer voted in Bernardsville in the November, 1933, election. The events sued upon are alleged in the complaint to have occurred in October, 1933. The whole drift of the proof indicates that the Mendham abode is without permanency and that the inspiring purpose was to set up a venue.

The action is transitory. The venue, under section 202 of the Practice act (3 *Comp. Stat.*, *p.* 4113), might, under the admitted facts, have been laid originally in Somerset county. The hardship of compelling a civil officer to stand suit outside of his county for acts done in the performance of his duty was recognized in *Dennis et al.* v. *Ford,* 7 *N. J. L.* 200, and held a sufficient ground for changing the venue. The court has discretion, on sufficient cause shown, to change the venue, even when laid where the plaintiff actually resides, to the county where the cause of action arose and defendant is. *Keeley* v. *Belmar,* 97 *Id.* 98.

We think that under the special circumstances of the case the venue should be changed to the county of Somerset. That will be the order, but without costs.